FLETCHER, Circuit Judge,
concurring:
While I concur in Judge Fernandez’ thoughtful opinion, I write separately to express grave doubts about this circuit’s opinion in In re Daniel, 771 F.2d 1352 (9th Cir.1985), cert. denied, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986). Daniel holds that a debtor’s interest in an ERISAqualified pension plan is property of the bankruptcy estate subject to turnover to the trustee in bankruptcy unless it is otherwise protected by transfer restrictions under state spendthrift trust law. Id. at 1359-61. Judge Fernandez’ opinion follows Daniel, but finds that the debtor’s interest in this case is protected by applicable state law transfer restrictions. In my view, the debtor’s interest in the plan, contrary to the holding in Daniel, is also properly protected by ERISA’s restrictions on transfer.
The Bankruptcy Code excludes from the bankruptcy estate the debtor’s interest in certain trusts by recognizing restrictions on their transfer. 11 U.S.C. § 541(c)(2) provides that a “restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable non-bankruptcy law is enforceable” in bankruptcy and is therefore not property of the estate. Daniel held that the phrase “applicable nonbankruptcy law” in 541(c)(2) “was intended to be a narrow reference to state ‘spendthrift trust’ law and not a broad reference to all other laws, including ERISA and IRC [the Internal Revenue Code], which prohibit alienation.” Daniel, 771 F.2d at 1360 (emphasis in original). Thus, Daniel excludes ERISA’s restrictions on transfer from the category of “applicable nonbankruptcy law." The effect is to make interests in ERISA-qualified plans property of the bankruptcy estate subject to turnover unless the interests are otherwise protected from transfer by state spendthrift law.
Several different factors cast doubt on Daniel’s holding. First, the language of the Bankruptcy Code excludes from property of the estate any beneficial interests protected by a transfer restriction “enforceable under applicable nonbankruptcy law.” 11 U.S.C. § 541(c)(2). On its face, the language clearly refers to all applicable nonbankruptcy law; nowhere does state spendthrift law serve as the referent of “applicable nonbankruptcy law.” The lack of ambiguity on the face of the statute calls into question Daniel’s reliance on legislative history to limit the term “applicable nonbankruptcy law” to state spendthrift trust law; no reason exists to refer to legislative history when the statute is clear on its face. See In re Moore, 907 F.2d 1476, 1478-79 (4th Cir.1990) (“An appeal to legislative history is inappropriate here because the language of § 541(c)(2) is clear.”); see also Davis v. Michigan Dep’t of Treasury, 489 U.S. 803, 109 S.Ct. 1500, 1504 n. 3, 103 L.Ed.2d 891 (1989) (“Legislative history is irrelevant to the interpretation of an unambiguous statute.”). Moreover, as noted in Moore, the legislative history of § 541(c)(2) is, at most, ambiguous on the question of whether the phrase “applicable nonbankruptcy law” is intended to include ERISA. Moore, 907 F.2d at 1479. Although the relevant history establishes that Congress intended the phrase to apply to state spendthrift law, it does not establish that Congress intended to limit the phrase to that body of law. See id.
Further, both ERISA’s purpose and its statutory scheme indicate that it properly constitutes “applicable nonbankruptcy law.” ERISA aims to ensure that “if a worker has been promised a defined pension benefit upon retirement — and if he has fulfilled whatever conditions are required to obtain a vested benefit — he actually will receive it.” Nachman Corp. v. Pension Benefit Guar. Corp., 446 U.S. 359, 375, 100 S.Ct. 1723, 1733, 64 L.Ed.2d 354 (1980). To attain this goal, statutes and regulations restrict the assignment and alienation of benefits. See, e.g., 29 U.S.C. § 1056(d)(1) *1170 (“Each pension plan shall provide that benefits provided under the plan may not be assigned or alienated.”); 26 U.S.C. § 401(a)(13) (“A trust shall not constitute a qualified trust under this section [exempting ERISA trusts from federal taxation] unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated.”); Treas.Reg. § 1.403(a)-13(b)(l) (“Under section 401(a)(13), a trust will not be qualified unless the plan of which the trust is a part provides that benefits provided under the plan may not be anticipated, assigned (either at law or in equity), alienated or subject to attachment, garnishment, levy, execution, or other legal or equitable process.”). ERISA provisions therefore seek to prevent alienation of benefits, either voluntarily or involuntarily. As such, ERISA falls within the plain meaning of the term “applicable nonbankruptcy law.” [1]
Finally, the holding in Daniel raises the specter of deeply disrupting the protections granted by Congress under ERISA, both for those who file for bankruptcy and for those who do not. Plans must comply with the anti-alienation provisions in 26 U.S.C. § 401(a)(13) and 29 U.S.C. § 1056(d)(1). Failure to exclude ERISA-qualified plans from the bankruptcy estate would violate these provisions and could therefore subject the plans to ERISA disqualification and loss of tax exempt status. See McLean v. Cent. States, Southeast & Southwest Areas Pension Fund, 762 F.2d 1204, 1206 (4th Cir.1985) (recognizing IRS position that turnover of ERISA funds to Chapter 13 bankruptcy trustee would cause plan to lose its ERISA qualification and tax exempt status); In re Moore, 907 F.2d at 1476. It is unthinkable that Congress intended to eviscerate in this manner so much of the protection granted benefit plans under ERISA.
As Judge Fernandez aptly states, the interplay of bankruptcy and ERISA provisions under Daniel produces a “clash between ERISA and bankruptcy law, and [results in] our legal system ... becoming a mere farrago of unrelated provisions.” Opinion at 13202. While Judge Fernandez avoids the morass for the moment by finding the trust in question to be protected by state restrictions on transfer of spendthrift trusts, such a resolution will not be possible in every case. As Daniel permits no harmonization of federal bankruptcy law and ERISA law, and as it undercuts the purposes of ERISA, no doubt one day our court must face directly the serious problems it presents.

. The sweeping preemptive effect granted ERISA in post-Daniel Supreme Court cases also strongly suggests that Daniel too narrowly construed the preemptive effects of ERISA. 29 U.S.C. § 1144(a) directs that, with the exception of laws regulating insurance, ERISA “shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." In Pilot Life Insurance Company v. Dedaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court stated that "the preemption clause is not limited to 'state laws specifically designed to affect employee benefit plans.’" Id. at 48, 107 S.Ct. at 1553 (quoting Shaw v. Delta Air Lines, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)). Instead, the Court read § 1144(a) to preempt all state law affecting ERISA plans, whether explicitly or implicitly. Moreover, in Mackey v. Lanier Collection Agency & Service, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), the Supreme Court read ERISA’s preemption provisions and restrictions on alienation to bar the garnishment of ERISA pension plan benefits in state garnishment proceedings. 486 U.S. at 836-38, 108 S.Ct. at 2188-89 (dicta). The Supreme Court’s interpretation of these provisions is based on Congress' intent in passing ERISA’s sweeping preemption provisions: ERISA-qualified pensions should be treated uniformly across the country, rather than subjected to the vagaries of state law, which Daniel insists must be applied. See also Fort Halifax Packing Co. v. Coyne, 482 U.S. 1, 11, 107 S.Ct. 2211, 2217, 96 L.Ed.2d 1 (1987) ("Preemption ensures that the administrative practices of a benefit plan will be governed only by a single set of regulations.").